# EXHIBIT 1

**From:** Xi Huiwen A
**To:** Hanson, Jasen
**Cc:** Eagan, Preston O.; Mullendore, Andrew D.
**Subject:** RE: [EXT] Feingold
**Date:** Thursday, March 12, 2026 1:57:10 PM
**Attachments:** image001.png

<![endif]-->

[CAUTION - EXTERNAL EMAIL] DO NOT reply, click links, or open attachments unless you have verified the sender and know the content is safe.

Jasen – Respondent objects.

**From:** Hanson, Jasen <Jasen.Hanson@chamberlainlaw.com>
**Sent:** Thursday, March 12, 2026 12:13 PM
**To:** Xi Huiwen A <huiwen.a.xi@irscounsel.treas.gov>
**Cc:** Eagan, Preston O. <Preston.Eagan@chamberlainlaw.com>; Mullendore, Andrew D. <Andrew.Mullendore@chamberlainlaw.com>
**Subject:** [EXT] Feingold

Audrey,

Please see the attached.

Thank you!

**Jasen Hanson**
**Shareholder**

T 404.659.1410 | D 404.658.5473 | F 404.659.1852
191 Peachtree Street, N.E., Suite 4600, Atlanta, GA 30303
jasen.hanson@chamberlainlaw.com
Website Bio | Connect on LinkedIn | vCard

Chamberlain Hrdlicka

**Confidentiality Notice:** This message and its contents are confidential and likely privileged. If you received this message in error, do not use or rely upon it. Instead, please inform the sender and then delete it.

CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, P.C.
ATTORNEYS AT LAW

JASON D. HANSON
SHAREHOLDER
DIRECT: 404.658.5473
JASEN.HANSON@CHAMBERLAINLAW.COM

191 PEACHTREE STREET, N.E.
FORTY SIXTH FLOOR
ATLANTA, GEORGIA 30303
404.659.1410
FAX: 404.659.1852

ATLANTA
HOUSTON
PHILADELPHIA
SAN ANTONIO

March 12, 2026

**VIA E-MAIL**
Ms. H. Audrey Xi
IRS Office of Chief Counsel
401 W. Peachtree Street, NW
Suite 1400, Stop 1000-D
Atlanta, Georgia 30308

Re: *David J. Feingold v. Commissioner*, Docket No. 19354-24
*Feingold Morgan Sanchez, LLC v. Commissioner*, Docket No. 19356-24
*Feingold, LLC v. Commissioner*, Docket No. 19358-24

Dear Audrey:

As you know, *David Feignold et al. v. Internal Revenue Service et al.* (6:26-cv-00450-JDA) was filed in South Carolina District Court last month ("South Carolina Action"). Given this development, we intend to file a Motion to Stay the above-captioned Tax Court proceedings pending the resolution of the South Carolina Action.

To that point, enclosed please find Judge Urda's Order from the *Hirsch* cases before the Tax Court. The Commissioner agreed to stay proceedings in those consolidated Tax Court cases pending the Writ of Mandamus based on the *Jarkesy* issue which involves the same discrete issue of law (Seventh Amendment application to Section 6663 Civil Fraud Assertions) raised in the South Carolina Action (the right to a jury trial).

The Commissioner did not oppose a stay in the *Hirsch* Tax Court cases pending the Writ of Mandamus. Please confirm by close of business tomorrow, March 13, 2026 that the Commissioner's position is the same here pending the South Carolina Action.

Sincerely,

Jasen D. Hanson

JDH
Enclosure (as stated)
cc: Preston O. Eagan, Esq.

# United States Tax Court

Washington, DC 20217

HERBERT HIRSCH & BONITA HIRSCH, ET AL.,

Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent

Docket Nos. 28898-10, 5819-11, 5821-11, 6034-11.

## ORDER

On October 18, 2023, we calendared these extremely aged cases for a trial scheduled to begin June 30, 2025, approximately 20 months later. Pending before the Court is petitioners Herbert and Bonita Hirsch's unopposed motion to stay proceedings. [Doc. 215.][1]

Before considering that motion, we find it helpful to review how our docket contains a group of cases that might be well into high school (if cases did such things as attend high school). After the Hirsches filed their first petition in late 2010, we continued the case to allow the parties to proceed before the IRS's Office of Appeals (as it was then called). [*See, e.g.*, Doc. 9.] Beginning in 2015, the parties began to engage in motions practice (including discovery motions) that continues to this day. At the same time, the parties were largely in a self-imposed holding pattern as they awaited the resolution of *Coffey v. Commissioner*, 150 T.C. 60 (2018), *rev'd and remanded*, 987 F.3d 808 (8th Cir. 2021), which bore on some issues in these cases. The parties hoped to settle these cases once these issues were resolved. Despite resolution coming in the form of a denial of a petition for writ of certiorari in 2022, no settlement was in the offing.

Beginning later that year, the Hirsches took inspiration from the U.S. Court of Appeals for the Fifth Circuit's decision in *Jarkesy v. SEC*, 34 F.4th 446, 453–57 (5th Cir. 2022), *aff'd*, 603 U.S. 109 (2024), and requested that the Court offer them a jury trial regarding the fraud penalty asserted against them, despite having picked this Court and for more than a decade litigated in a forum that statutorily does not provide that option (as opposed to paying the asserted deficiency and suing for a refund in a

---

[1] "Doc." references are to the documents compiled in the lead case, Docket No. 28898-10, as compiled by the Clerk of this Court.

**Served 02/28/25**

district court). [Doc. 111.] In addition to the request for a jury trial, which we denied on multiple occasions and in various procedural postures over the last three years [Docs. 132, 145, 210], the Hirsches also filed motions challenging regulations with questionable relevance to these cases.

Aware of the age of these cases and the difficulties presented by fading memories and missing documentary evidence, the Court consulted with the parties in Fall 2023 and set a trial date in June 2025 to accommodate the Court's own schedule and the parties' request for yet more preparation time. The parties were given more than 20 months to prepare for trial, in addition to the preceding 13 years of discussions, discovery, negotiations, and motions practice.

On February 14, 2025 (about four-and-a-half months before start of trial), the Hirsches informed the Court that they had filed a petition for writ of mandamus in the U.S. Court of Appeals for the Eleventh Circuit regarding the jury trial issue, which we had last rejected in an order denying a motion for reconsideration on December 23, 2024. [Docs. 210, 215.] The motion represented that the Commissioner did not object to the relief sought. Given the parties' common front and in deference to the Eleventh Circuit, we will grant the motion to stay.

In their motion, the Hirsches request that we reset the deadlines once the Eleventh Circuit has acted on mandamus. That we will. We note that mandamus is being sought on a discrete legal issue (the applicability of the Seventh Amendment in the fraud context where taxpayers chose the Tax Court as their forum). Should mandamus be denied, the parties should expect abbreviated preparation time given the narrowness of this point, its nature as a legal issue, the age of these cases, and the decades that the parties have had to prepare. Of course, should the parties wish not to litigate the Hirsches' actual tax liability, we invite them to present us with a stipulated decision document before the date of trial. If the parties are not ready to proceed when the Court sets the trial date, they risk sanctions including dismissal for lack of prosecution.

Upon due consideration, it is

ORDERED that the Hirsches' motion for stay of proceedings is granted, and the proceedings in these cases are stayed (to include the remainder of the pretrial scheduling deadlines set in the Court's Order served November 29, 2023). It is further

ORDERED that these cases are stricken from the special session of the Court, scheduled to commence on June 30, 2025, in Miami, Florida. The Court will reschedule the in-person trial in due course. It is further

ORDERED that, no later than three days after the Eleventh Circuit Court has acted on mandamus, the parties shall file a joint status report with the Court (or separate reports if that is more expedient) as to the status of the writ of mandamus.

**(Signed) Patrick J. Urda**
**Judge**